IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

CURTIS F.,[1]

                                  Plaintiff,                      Case No. 6:19-cv-01322-YY

       v.                                                             OPINION AND ORDER

ANDREW SAUL, Acting
Commissioner of Social Security

                                Defendant.

YOU, Magistrate Judge:

       Plaintiff Curtis F. brings this action for judicial review of the decision by the Commissioner of Social Security ("Commissioner") denying his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"). This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c). The Commissioner's final decision is reversed and remanded for further proceedings for the reasons discussed below.

**I.     Background**

       Born in 1962, plaintiff was 56 when he applied for DIB. Tr. 32, 129.[2] He has past work experience as a stock clerk, a job that he held for 32 years. Tr. 78, 80.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental parties in this case.

[2] "Tr." refers to the Transcript of the Social Security Administrative Record, ECF 12, provided by the Commissioner.

Page 1 – OPINION AND ORDER

Plaintiff's claim for DIB was denied initially and upon reconsideration. Tr. 86, 96-101. He requested an administrative hearing, which was held on October 24, 2018, before an administrative law judge (ALJ). Tr. 64-85. In a written decision dated November 7, 2018, the ALJ denied plaintiff's claim for benefits. Tr. 29-40. The Appeals Council denied plaintiff's subsequent petition for review, rendering the ALJ's decision final and subject to review. Tr. 1-7.

## II.     Standard of Review

"The Commissioner's decision must be affirmed . . . if supported by substantial evidence, and if the Commissioner applied the correct legal standards." *Batson v. Commr. of Soc. Sec. Administration*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)).

"[T]he Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence." *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (citation and quotation marks omitted). "Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the Secretary's conclusion." *Id.* (citation and quotation mark omitted). However, the court "may not reweigh the evidence, substitute [its] own judgment for the Secretary's, or give vent to feelings of compassion." *Winans v. Bowen*, 853 F.2d 643, 644–45 (9th Cir. 1987). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Tackett*, 180 F.3d at 1098 (quoting *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)).

**III.     Five-Step Analysis**

The Social Security Administration uses a five-step sequential analysis to determine whether a claimant is disabled. *See* 20 C.F.R. § 404.920(a)(4) (2012). The burden of proof rests upon the claimant at steps one through four, and with the Commissioner at step five. *Id.*; *Bustamante v. Massanari*, 262 F.3d 949, 953–54 (9th Cir. 2001) (citing *Tackett*, 180 F.3d at 1098). At step five, the Commissioner must demonstrate that the claimant is capable of making an adjustment to other work after considering the claimant's residual functional capacity ("RFC"), age, education, and work experience. 20 C.F.R. § 404.920(a)(4)(v). If the Commissioner fails to meet this burden, then the claimant is disabled. *Id.* If, however, the Commissioner proves that the claimant can perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Id.*; *see also Bustamante*, 262 F.3d at 953–54.

At step one, the ALJ found plaintiff had not performed substantial gainful activity since his alleged onset date of September 1, 2016. Tr. 34. At step two, the ALJ found plaintiff had the severe impairments of hypertension, history of essential tremors, history of peripheral neuropathy, history of restless leg syndrome, psoriasis, and alcohol abuse. Tr. 34.

At step three, the ALJ found plaintiff did not have an impairment or combination of impairments that met or equaled any listings in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 34. The ALJ then considered and rejected any medical evidence of substantial limitations and concluded that plaintiff was not disabled. Tr. 34-37.

## IV.     The ALJ's Misapplication of 20 C.F.R. § 404.935

At the October 24, 2018 hearing, plaintiff's counsel asked the ALJ to leave the record open so he could submit medical records from Dr. Michael Balm, a neurologist whom plaintiff had seen just two days earlier, on October 22, 2018.  Tr. 84.  When the ALJ asked if plaintiff had provided five days' notice pursuant to 20 C.F.R. § 404.935, plaintiff's counsel argued there was "good cause" because the records did not exist five days before the hearing.  *Id.*  The ALJ responded "the question is when did we know of the appointment," Tr. 84, and ultimately declined to consider the records.  *See* Tr. 32-37.

20 C.F.R. § 404.935(a) requires that "[e]ach party . . . must inform [the agency] about or submit any written evidence, as required in § 404.1512, no later than 5 business days before the date of the scheduled hearing" or the "administrative law judge may decline to consider or obtain the evidence."  Certain circumstances excuse this requirement, including:

> (3) Some other unusual, unexpected, or unavoidable circumstance beyond your control prevented you from informing us about or submitting the evidence earlier. Examples include, but are not limited to:
> (i) You were seriously ill, and your illness prevented you from contacting us in person, in writing, or through a friend, relative, or other person;
> (ii) There was a death or serious illness in your immediate family;
> (iii) Important records were destroyed or damaged by fire or other accidental cause; or
> (iv) You actively and diligently sought evidence from a source and the evidence was not received or was received less than 5 business days prior to the hearing.

20 C.F.R. § 404.935(b)(3).

The commentary for 20 C.F.R. § 404.935 "recognize[s] that there will be circumstances in which claimants cannot produce evidence at least 5 business days before the hearing."  81 Fed. Reg. 90987-01, at 90990.  The exceptions to the five-day requirement are designed to "ensure fairness when a claimant or his or her representative actively and diligently seeks evidence but is unable to obtain it."  *Id.*  Thus, when the claimant "shows that he or she made a good faith effort

Page 4 – OPINION AND ORDER

to timely request obtain, and submit evidence, . . . we expect that our adjudicators would find that this standard is met." *Id.* Additionally, the "rule is not intended to prevent a claimant from submitting evidence related to ongoing treatment. Rather, we expect that evidence of ongoing treatment, which was unavailable at least 5 business days before the hearing, would qualify under the exception in 20 CFR 404.935(b)(3)." *Id.* at 90990-91.

As plaintiff argued to the ALJ, written evidence of his treatment with Dr. Balm was unavailable five business days before the hearing because plaintiff had not yet had his appointment with Dr. Balm. The ALJ focused the inquiry on when plaintiff knew of the appointment. However, 20 C.F.R. § 404.935(a) requires a claimant to "inform us about . . . *written evidence* . . . no later than 5 business days before the date of the scheduled hearing." (Emphasis added). Here, no written evidence, i.e., medical records by Dr. Balm, existed five days before the hearing. The mere fact that plaintiff had an appointment with Dr. Balm was not "written evidence" any more than the mere fact of an appointment, in and of itself and without any accompanying records, would be evidence that "relates to whether or not [plaintiff was] disabled." *See* 20 C.F.R. 404.1512(a).

Moreover, plaintiff "actively and diligently sought" to produce these medical records more than five days before the hearing. Plaintiff was referred to Dr. Balm in July 2018, but the doctor was "very busy" and it was "hard to get an appointment" before October 22, 2018. Tr. 76-77. Although these circumstances are not specifically addressed in 20 C.F.R. 404.935(b)(3), the list of "unusual, unexpected, or unavoidable circumstance[s] beyond [a claimant's] control" is non-exhaustive. Allowing the medical records under these circumstances would "ensure

Page 5 – OPINION AND ORDER

fairness." *Id.* Indeed, it would be contrary to the purpose of the rule to exclude such evidence of "ongoing treatment."[3] *See* 81 Fed. Reg. 90987-01, at 90990-91.

Because the ALJ erred in declining to consider Dr. Balm's medical records, the Commissioner's decision is reversed and remanded. On remand, the ALJ shall reevaluate the case in light of plaintiff's complete medical history.

## CONCLUSION

The Commissioner's decision is REVERSED and REMANDED for further proceedings consistent with this opinion.

IT IS SO ORDERED.

Dated November 16, 2020.

/s/ Youlee Yim You
Youlee Yim You
United States Magistrate Judge

---

[3] In November 2017, plaintiff moved from New York to Eugene, Oregon, to live with his sister. Tr. 41. While living in New York, plaintiff was treated for peripheral neuropathy, Tr. 205, and "ongoing neuropathic pain" in his feet, Tr. 198. Upon arriving in Oregon, plaintiff began treatment with Dr. Ahana Roy on July 5, 2018, and returned to see Dr. Roy for testing on July 12, 2018. Tr. 250. Thereafter, Dr. Roy referred plaintiff to Dr. Balm, a neurologist. Tr. 9. Thus, plaintiff was engaged in "ongoing treatment" for his peripheral neuropathy when he saw Dr. Balm. 81 Fed. Reg. 90987-01, at 90990-91.

Page 6 – OPINION AND ORDER